UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY DARNELL McMILLIAN,

                Petitioner,

v.                                  CASE NO. 2:06-12585
                                  HONORABLE GEORGE CARAM STEEH

MARY BERGHUIS,

                Respondent.

_____/

## OPINION AND ORDER DISMISSING HABEAS CORPUS PETITION

### I. Introduction

Petitioner Larry Darnell McMillian has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The record before the Court indicates that Petitioner was charged in Wayne County, Michigan with armed robbery, MICH. COMP. LAWS § 750.529, and felony firearm, MICH. COMP. LAWS § 750.227b. Following a bench trial in 1993, he was acquitted of the felony firearm charge, but convicted of armed robbery. On October 18, 1993, the trial court sentenced Petitioner to imprisonment for a minimum term of four years and a maximum term of twenty years.

Petitioner appealed his conviction as of right, arguing that he was arrested without probable cause and that his subsequent identification in a lineup was the fruit of an illegal arrest and should have been suppressed. The Michigan Court of Appeals affirmed Petitioner's conviction on the grounds that he did not preserve his claim by challenging the legality of his arrest in the trial court and that, even if preserved, the record did not support the claim. *See People v. McMillian*, No. 170825 (Mich. Ct. App. Sept. 26, 1995). On May 31, 1996, the Michigan Supreme Court denied leave to appeal because it was not persuaded that the question

presented should be reviewed. *See People v. McMillian*, No. 104524 (Mich. Sup. Ct. May 31, 1996).

Petitioner alleges that he was released on parole in 1997 and that he successfully completed his term of parole. However, in 2002, he was arrested and charged with another robbery. He was convicted of armed robbery and related offenses and sentenced as a habitual offender.

Petitioner raised his habeas claims in a motion for relief from judgment on May 21, 2004. The trial court denied his motion, and both state appellate courts denied leave to appeal the trial court's decision. *See People v. McMillian*, No. 263574 (Mich. Ct. App. Feb. 9, 2006); *People v. McMillian*, No. 130577 (Mich. Sup. Ct. May 30, 2006).

Petitioner filed his habeas corpus petition on June 12, 2006. The grounds for relief are: (1) insufficient evidence (arrest without probable cause followed by an invalid line-up), (2) ineffective assistance of trial counsel (failure to challenge the legality of the arrest and line-up), and (3) ineffective assistance of appellate counsel (failure to raise a claim of ineffective assistance of trial counsel).

## II. Discussion

Respondent urges the Court to dismiss the habeas petition on the ground that Petitioner is not in custody for the conviction under attack. A federal district court may entertain an application for the writ of habeas corpus under 28 U.S.C. § 2254 only if the state prisoner is "in custody" in violation of federal law. 28 U.S.C. §§ 2241(c)(3) and 2254(a). The Supreme Court has interpreted this language to mean that a habeas petitioner must "be 'in custody' under the conviction or sentence under attack *at the time his petition is filed*." *Maleng v. Cook,* 490 U.S.

2

488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)) (emphasis added).
The Supreme Court has never held "that a habeas petitioner may be 'in custody' under a
conviction when the sentence imposed for that conviction has *fully expired* at the time his
petition is filed." *Id.* at 491 (emphasis in original).

State court records indicate that Petitioner was discharged from his 1993 armed robbery
conviction on September 2, 1999.  *See* Respondent's Answer in Opposition to Pet. for Writ of
Habeas Corpus, Ex. 1.  Petitioner currently is serving a sentence for the armed robbery and
related offenses that he committed in 2002.  *See id.*  Thus, he is not "in custody" for the
conviction being challenged.

The Court could construe the habeas petition as an attack on Petitioner's current
sentence, which was enhanced by the 1993 conviction.  Petitioner satisfies the "in custody"
requirement if his habeas petition is viewed in that manner.  *Lackawanna County Dist. Attorney
v. Coss*, 532 U.S. 394, 401-02 (2001).  However, "once a state conviction is no longer open to
direct or collateral attack in its own right because the defendant failed to pursue those remedies
while they were available (or because the defendant did so unsuccessfully), the conviction may
be regarded as conclusively valid."  *Id.* at 403 (citing *Daniels v. United States*, 532 U.S. 374, 383
and 384 n.2 (2001)).  This rule does not apply (1) when the prior conviction, which was used to
enhance the current sentence, was obtained without the benefit of counsel in violation of the
Sixth Amendment or (2) when the habeas petition is the first and only forum available for review
of the prior conviction, either because the state court refused to rule on a constitutional claim
properly presented to it or because, after the time for direct or collateral review expired, a
defendant obtained compelling evidence of actual innocence of the crime for which he was

3

convicted.  *Id.* at 404-06.

The record indicates that Petitioner was represented by counsel during his 1993 bench trial and that he pursued both a direct appeal and a state collateral appeal of that conviction. Thus, Petitioner's 1993 conviction was not obtained in the absence of counsel in violation of the Sixth Amendment, and the habeas petition is not the first and only forum for review of Petitioner's claims.  Furthermore, Petitioner has not submitted  any new and credible evidence demonstrating that he is actually innocent of the 1993 armed robbery.  Thus, the exceptions set forth in *Coss* do not apply here.

### III.  Conclusion

To summarize, Petitioner is not "in custody" for the 1993 conviction being challenged because the sentence for that conviction fully expired before Petitioner filed his habeas petition. Even if the Court were to conclude that Petitioner had satisfied the custody requirement by attacking his current sentence as enhanced by his prior conviction, the 1993 conviction is no longer open to attack in its own right and must be regarded as conclusively valid.  Therefore, Petitioner has no right to relief, and his habeas petition is DISMISSED.  The Court declines to issue a certificate of appealability because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or "whether the petition states a valid claim of the denial of a constitutional right."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated:  February 1, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 1, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk